**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                          **4:17-CR-00200-01-SWW
                                                                 4:19-CV-00794-SWW**

**JEREMY DESHUN BRISCOE**

### ORDER

On March 17, 2020, the Court denied Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, with the exception of his claim that defense counsel failed to file an appeal after he requested that she do so.[1] The Government filed a response,[2] and by order entered May 21, 2020, the Court afforded Defendant up to and including June 11, 2020 in which to file a reply. Defendant's deadline has passed, and he has not filed a reply. After careful consideration, and for the reasons set out below, the remaining claim is DENIED.

**I.   BACKGROUND**

Defendant asserts that his lawyer did not file an appeal "as requested."[3] He

---

[1] Doc. No. 74.

[2] Doc. Nos. 79, 81.

[3] Doc. No. 70.

1

alleges that he "never heard from anyone previously in regards to any appeal."[4] These two statements are intended to support Defendant's claim of ineffective assistance of counsel.

## II.   DISCUSSION

"An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required."[5]   This is true even when there is an appeal waiver in a plea agreement.[6] Still, "the petitioner must show that he made his desire to appeal evident to his attorney, and a bare assertion by the petitioner that he made the request is not by itself sufficient evidence if the factfinder finds more credible evidence that indicates to the contrary."[7]

Typically, a credibility determination requires a hearing.   However, no hearing is necessary when "the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."[8]   Defendant's bare assertions that he asked for an appeal is

---

[4]*Id.*

[5]*U.S. v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014).

[6]*Id.*

[7]*Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002).

[8]*Sellner*, 773 F.3d at 930 (quoting *Thomas v. United States*, 737 F.3d 1202, 1206-07 (8th Cir. 2013)).

unsupported by the record.  First, in a November 20, 2018 letter, Defendant's lawyer reminded him that "[a]s we discussed after the sentencing hearing, an appeal is not indicated in your case, so none will be taken.  Now that your case has been concluded, I will be closing out your file here at the Federal Public Defender Office."[9]  Second, counsel's notes closing the file indicates that, after sentencing, she "took a few minutes to remind Mr. Briscoe of his appellate rights and explain that [she] would file a notice of appeal if he asked [her] to "notwithstanding the appeal waiver in the please agreement.  Mr. Briscoe said that he did not want to appeal . . . ."[10]  Third, Defendant was advised at the sentencing hearing, and again by his lawyer, that an appeal must be filed within 14 days.   It is inherently incredible to think that Defendant would wait ten months to bring up the issue of an appeal if he had actually intended to appeal his sentence.  In fact, his lawyer's letter saying there would be no appeal would (or at least should) have invoked an immediate response from Mr. Briscoe.  It did not.  Accordingly, Defendant's conclusory statement that he wanted to appeal is not supported by the record.

---

[9] Doc. No. 81-1.

[10] Doc. No. 79-2.

## CONCLUSION

Based on the findings of fact and conclusions of law above, and those in the March 17, 2020 Order, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 70) is DENIED.

IT IS SO ORDERED this 15th day of June, 2020.

Susan Webber Wright
UNITED STATES DISTRICT JUDGE
